UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WASSEEM HAMDAN, Derivatively on Behalf of INTERCLOUD SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARK MUNRO, *et al.*, <br><br> Defendants, <br><br> INTERCLOUD SYSTEMS, INC., <br><br> Nominal Defendant. | Lead Case No.: 3:16-cv-03706-PGS |
| JOHN SCRUTCHENS, Derivatively on Behalf of INTERCLOUD SYSTEMS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> MARK MUNRO, *et al.*, <br><br> Defendants, <br><br> INTERCLOUD SYSTEMS, INC., <br><br> Nominal Defendant. | Case No.: 3:16-cv-04207-PGS |

[~~PROPOSED~~] FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to this Court's Order Preliminarily Approving Derivative Settlement and Providing for Notice, dated 8/25/2017 (the "Preliminary Approval Order"), on the application of the Settling Parties for final approval of the Settlement set forth in the Stipulation and Agreement of Settlement dated June 15, 2017 (the "Stipulation"). Due and adequate notice having been given to Current InterCloud Stockholders as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises

1

and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and except where otherwise specified herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Actions, including all matters necessary to effectuate the Settlement, and over all Settling Parties.

3. The Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Settling Parties, InterCloud, and Current InterCloud Stockholders, and hereby finally approves the Settlement in all respects and orders the Settling Parties to perform its terms to the extent the Settling Parties have not already done so.

4. The New Jersey Action, all claims contained therein, and any other Released Claims, are hereby ordered as fully, finally, and forever compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

5. Upon the Effective Date, InterCloud, Plaintiffs, and each of InterCloud's stockholders shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims (including Unknown Claims) against the Released Persons and any and all claims arising out of, relating to, or in connection with the defense, settlement or resolution of the Actions against the Released Persons. InterCloud, Plaintiffs and each of InterCloud's stockholders shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any Released Person with

respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting the Released Claims against the Released Persons. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

6. Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of Plaintiffs or their beneficiaries, Plaintiffs' Counsel, and InterCloud from Defendants' Released Claims. The Released Persons shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue Plaintiffs or their beneficiaries, Plaintiffs' Counsel, or InterCloud with respect to any claims arising out of, relating to, or in connection with their institution, prosecution, assertion, settlement, or resolution of the Actions or the Released Claims, and shall be permanently barred and enjoined from instituting, commencing or prosecuting Defendants' Released Claims against Plaintiffs or their beneficiaries, Plaintiffs' Counsel, or InterCloud. Nor shall the foregoing in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

7. The Court finds that the Notice to Current InterCloud Stockholders was made in accordance with the Preliminary Approval Order and provided the best notice practicable under the circumstances to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

8. Pursuant to the Stipulation, the Delaware Plaintiff has agreed that, within five (5) business days after the date that this Judgment finally approving the Settlement is entered, the Delaware Plaintiff shall notify the Delaware Court that the Court entered this Judgment, attaching a courtesy copy of the Judgment and inform the Delaware Court that within five (5)

business days after the date that the Judgment finally approving the Settlement becomes Final, the Delaware Plaintiff will file the necessary documents to voluntarily dismiss the Delaware Action with prejudice, in accordance with local rules.

9. The Delaware Plaintiff also has agreed that, within five (5) business days after the date that this Judgment becomes Final, he will file the necessary documents in the Delaware Action to voluntarily dismiss the Delaware Action with prejudice, in accordance with that court's local rules. The Delaware Plaintiff agrees to use his reasonable best efforts to file with the Delaware Court any motion, notice, or other document requested by that court to secure dismissal with prejudice of the Delaware Action. Plaintiffs and Defendants agree to cooperate to secure the dismissal with prejudice of the Delaware Action.

10. The Court finds that during the course of the Actions, the Settling Parties and their counsel at all times complied with Federal Rule of Civil Procedure 11.

11. The Court finds that the Fee Award is fair and reasonable, in accordance with the Stipulation, and finally approves the Fee Award.

12. The Court finds that the Service Awards are fair and reasonable, in accordance with the Stipulation, and finally approves the Service Awards, to be paid from the Fee Award by Plaintiffs' Counsel.

13. This Judgment, the fact and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

> (a) shall not be offered, received, or used in any way against the Settling Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Settling Parties with respect to the truth of any fact alleged by Plaintiffs or the

validity, or lack thereof, of any claim that has been or could have been asserted in the Actions or in any litigation, or the deficiency or infirmity of any defense that has been or could have been asserted in the Actions or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Persons;

(b) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Person, or against Plaintiffs as evidence of any infirmity in their claims; or

(c) shall not be offered, received, or used in any way against any of the Released Persons as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Persons, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal.

14.   This Judgment, the Stipulation, the Settlement, and any act performed or document executed pursuant to or in furtherance thereof, shall not be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement. However, the Released Persons may refer to the Settlement, and file the Stipulation and/or this Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement,

judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

15. Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) all Settling Parties for the purpose of construing, enforcing, and administering the Stipulation and this Judgment, including, if necessary, setting aside and vacating this Judgment, on motion of a Settling Party, to the extent consistent with and in accordance with the Stipulation if the Effective Date fails to occur in accordance with the Stipulation.

16. This Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

DATED:

_____
HONORABLE PETER G. SHERIDAN
UNITED STATES DISTRICT JUDGE